IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE ALLEN HERNANDEZ, SR.,

        Plaintiff,

vs.                                                      CIV 10-342 CG

MARK R. DAWSON (Administrative Law
Judge),

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte,* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's Complaint. Plaintiff appears pro se, and has moved for leave to proceed in forma pauperis ("IFP") (Doc. 2). Based on the information in Plaintiff's sworn affidavit, the Court will grant Plaintiff leave to proceed IFP. In accordance with 28 U.S.C. § 636(c)(1), the parties consented to have the undersigned magistrate judge conduct all proceedings and enter final judgment (Doc. 4). For the reasons below, the Court will dismiss Plaintiff's cause of action.

The Court must dismiss an in forma pauperis complaint under §1915(e)(2) if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." §1915(e)(2); *see Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (confirming that such dismissal is mandatory and no longer optional). The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the

1

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Serv.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). In reviewing a plaintiff's pro se complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

On April 12, 2010, Hernandez filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1), naming the Honorable Mark R. Dawson, a Social Security Administrative Law Judge, as Defendant, and contesting Judge Dawson's decision. Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or  omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. (emphasis added).

Other laws and statutes limit against whom a § 1983 claim may be filed, excluding certain individuals and entities from the definition of "person." Specifically, judges in their official capacities are not persons under § 1983.

All state court judges are absolutely immune from suit for their judicial acts in connection with judicial proceedings. *See, e.g., Doran v. Sanchez,* No. 08-2042, 2008 WL 3851843 at *1 (10th Cir. August 19, 2008) ("Judge Sanchez was acting in his judicial capacity in presiding over the [New Mexico] state court case, and those actions are entitled to absolute immunity even when 'alleged to have been done maliciously or corruptly.'") (quoting *Stump v. Sparkman,* 435 U.S. 349, 356 (1978)) (unpublished); *Selger v. Felfam Ltd. P'ship*, No. 08-1466, 324 Fed. App'x 742, 743 (10th Cir. May 11, 2009) (unpublished) (holding that state-court judges are absolutely immune from suit, even where plaintiff asserted that the judges had animus towards her); *Lowery v. Utah,* No. 07-4028, 315 Fed. App'x 45, 45-47 (10th Cir. December 3, 2008) (unpublished) (upholding dismissal because the judge "is entitled to absolute judicial immunity from suit" where plaintiff alleged that the state-court judge committed unlawful misdeeds, mainly by not granting plaintiff's request for oral argument and by dismissing his case).[1]  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly" or "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 355-56 (citation omitted); *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).  "Disagreement with the action taken by the judge, . . . does not justify depriving the judge of his immunity." *Stump*, 435 U.S. at 363.  In fact, even if a judge acts in error, with malicious intent or in excess of authority, that judge "does not act in the clear

---

[1]The Supreme Court has also held that absolute judicial immunity was not affected or abolished "by § 1983, which makes liable 'every person' who under color of law deprives another person of his civil rights." *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

absence of all jurisdiction." *Whitesel*, 222 F.3d at 867. Administrative Law Judges are also immune from suit under § 1983. The similarity of adjudication between a federal administrative agency decision and the judicial process entitles an administrative law judge to the same absolute immunity granted trial judges. *See Butz v. Economou*, 438 U.S. 478, 512-514 (1978).

The Supreme Court recognizes only two sets of circumstances where a judge's immunity does not protect him from suit. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). In making their determinations, courts look at the "'functions [the immunity] protects and serves, not [at] the person to whom it attaches.'" *Forrester v. White*, 484 U.S. 219, 227 (1988). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The rationale behind the doctrine of judicial immunity is to protect judges from being "harassed and [having] their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants'" *Green v. Seymour*, 59 F.3d 1073, 1078 (10th Cir. 1995) (quoting *Pulliam v. Allen*, 466 U.S. 522, 537-38 (1984)). Absolute judicial immunity is complete immunity from suit and not just immunity from an award of damages. *See Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

All of Plaintiff's allegations against Administrative Law Judge Dawson stem from his disagreement with the hearing procedures and decision. All acts of which Plaintiff

complains were performed by Judge Dawson while he was presiding over, or ruling upon, Plaintiff's claims.  Clearly, all actions were being taken in Judge Dawson's adjudicatory capacity and with jurisdiction.  Judge Dawson is, therefore, absolutely immune from suit on Plaintiff's claims, and no action against him will lie under § 1983 or any other statute.

The Court will dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted.  Plaintiff is pro se and the Court construes pleadings filed by pro se litigants liberally.  It appears to the Court that, in filing his Complaint, Plaintiff may be trying to appeal from Judge Dawson's decision, for which the Appeals Council denied review on February 26, 2010.  *See* Doc. 1 at 6.  Whether he is, in fact, seeking an appeal is unclear.  Plaintiff did file his Complaint within the necessary sixty-day time-frame after receiving the Council's decision.  The proper Defendant in an appeal, however, is Michael Astrue, Commissioner of the Social Security Administration.

The Court would not want to deprive Plaintiff of an appeal, if that is what he is seeking.  As a result, although the Court will dismiss Plaintiff's Complaint against Judge Dawson with prejudice, and because the sixty-day deadline to appeal has now passed,[2] the Court will allow Plaintiff to file, within twenty days after the date this order is filed, an amended pleading naming Michael Astrue, Commissioner of the Social Security Administration, as the Respondent in a Petition for Review and asserting sufficient allegations of fact to formulate a proper appeal.  Should Plaintiff decide to amend, the Court recommends that he consult the Social Security Administration at telephone number 1 (800) 772-1213 to acquire copies of the forms and other information he may need to file the

---

[2]The Complaint was filed prior to the sixty-day deadline.

5

appeal in this Court.

In addition to his Complaint and motion to proceed in forma pauperis, Plaintiff filed a request for appointment of counsel (Doc. 5). The Court will deny the request at this time because the Court is unsure of Plaintiff's filing intentions. Plaintiff may renew his request in the event he chooses to amend as described in this order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice, but, Plaintiff shall have twenty (20) days from the date this order is filed to amend his pleading as described herein and proceed with his action as an appeal from the denial of review by the Appeals Council;

**IT IS FURTHER ORDERED** that Plaintiff's Request for Appointment of Counsel (Doc. 5) is **DENIED**.

```
_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent
```