IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE ALLEN HERNANDEZ, SR.,

        Plaintiff,

vs.                                                                                                        CIV 10-0342 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

**THIS MATTER** is before the Court on Plaintiff's *Request for Appointment of Counsel* (*Motion*) (Doc. 8). After considering the Motion, the record in this case, and the relevant law, the Court will DENY the Motion.

In evaluating a motion for the appointment of counsel in a civil case, a court should consider the following factors: (1) whether the plaintiff has made an affirmative showing of his inability to pay for counsel; (2) whether he has demonstrated diligence in attempts to secure counsel; (3) whether he has demonstrated the existence of a meritorious claim; and (4) whether he has demonstrated an inability to proceed with the litigation without counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992).

Here, Mr. Hernandez is proceeding *in forma pauperis* and has, therefore, shown that he would be unable to pay attorney's fees at this time. (*See* Mem. Op. & Order, Doc. 6 at 6.) Unlike some other types of civil cases, however, social security attorneys generally require no payment unless they win the case, and even then, the fees are paid either by

the government pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or out of the claimant's back pay, Charles T. Hall, Esq., Nat'l Org. of Soc. Sec. Claimants' Representatives Sustaining Member and Past President, Frequently Asked Questions, http://www.nosscr.org/faq.html#39 (last visited June 14, 2010).  In the context of this social security appeal, therefore, Mr. Hernandez' inability to pay should not preclude him from securing counsel.

Second, Mr. Hernandez reported that he had sought legal assistance at New Mexico Legal Aid in Las Vegas, New Mexico and from a social security law firm called Gordon & Associates.  (Pl.'s Mot., Doc. 8 at 5.)  Mr. Hernandez did not specifically explain the outcome of these efforts, but apparently, they were not successful.  The Court is not satisfied that these attempts constitute diligence because there are numerous other attorneys and law firms that specialize in social security appeals and take cases on a contingency-fee basis and because there are other resources for finding pro bono counsel such as those run by the State Bar of New Mexico, which can be contacted at 1-800-876-6227, or those listed at page 5 of the "Guide for Pro Se Litigants," a copy of which will be sent to Mr. Hernandez.  *See* State Bar of New Mexico Referral Programs, http://www.nmbar.org/Public/referralprograms.html (last visited June 14, 2010).

Third, the filings thus far do not indicate whether the claim will be ultimately meritorious.  Finally, Mr. Hernandez has not demonstrated that he will be unable to proceed without counsel.  He has reported that "handl[ing] all this legal jarg[o]n[] is just upsetting to me leaving me very agitated[,] frustrated, mad, worthless and in[]humane.  To be able to represent myself against the federal government and organizations[] thereof[] is [sic] just impossible for me to ever[ ]receive the justice[] I deserve!"  (Pl.'s Mot., Doc. 5 at 2–3.)

Although the process thus far has been emotionally challenging for him, he has been able to prosecute his claim. None of the *Castner* factors indicates that appointment of counsel is appropriate at this time, and the Court therefore, will DENY the Motion.

As a final note, the Court reminds Mr. Hernandez that, despite being a pro se litigant, he is still bound by the rules of the Court. The Introduction to the Court's "Guide For Pro Se Litigants" provides that "[i]t is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of [Civil Procedure]* (the 'Local Rules')." It is unclear whether Mr. Hernandez has copies of the guide and Local Rules, so the Court will ask the Clerk to send him copies.

Local Rule 10.1 requires that the left, right, and bottom margins be at least 1 inch and the top margin, at least 1½ inches. The margin space is necessary to accommodate the automatic, identification header that is generated on every filing with the Court. Because Mr. Hernandez did not leave the required margins on his motion, the Court's header was illegible. Mr. Hernandez is reminded that even though he is proceeding pro se, he must follow the Local Rules and, in particular, must leave the 1½-inch top margin.

**IT IS THEREFORE ORDERED** that Mr. Hernandez' *Request for Appointment of Counsel* (*Motion*) (Doc. 8) is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk send copies of the "Guide For Pro Se Litigants" and the Local Rules of Civil Procedure to Mr. Hernandez.

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**