# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EUGENE ALLEN HERNANDEZ, SR.,

        Plaintiff,

vs.                                                                               CIV 10-0342 CG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Plaintiff Eugene Allen Hernandez, Sr.'s *Motion for Appointment of Counsel* ('Motion') (Doc. 27). This is Mr. Hernandez' third motion requesting the appointment of counsel. (*See* Doc. 5; Doc. 8). The Court denied Mr. Hernandez' first two motions requesting counsel, (*See* Doc. 9), and it does not appear that the circumstances surrounding Mr. Hernandez' case have meaningfully changed since then. Therefore, after considering the Motion, the record in this case, and the relevant law, the Court will DENY the Motion.

In evaluating a motion for the appointment of counsel in a civil case, a court should consider the following factors: (1) whether the plaintiff has made an affirmative showing of his inability to pay for counsel; (2) whether he has demonstrated diligence in attempts to secure counsel; (3) whether he has demonstrated the existence of a meritorious claim; and (4) whether he has demonstrated an inability to proceed with the litigation without counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992).

As the Court noted in the second Order denying the appointment of counsel, the first

*Castner* prong does not weigh in Plaintiff's favor. (Doc. 9 at 1-2). While Mr. Hernandez is proceeding *in forma pauperis* and has shown himself unable to pay filing fees, attorneys often represent indigent social security claimants without any initial payment. (*Id.*). Social security attorneys are generally paid for prosecuting successful social security appeals either by the government pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or out of the claimant's back pay. (*Id.*). Therefore, in the context of this social security appeal, Mr. Hernandez' inability to pay should not preclude him from securing counsel.

The second *Castner* factor does not weigh in Plaintiff's favor either. In denying Mr. Hernandez's second motion, the Court noted that Mr. Hernandez appeared to have contacted a few attorneys and law firms in an unsuccessful attempt to secure representation. (*Id.* at 2). The Court was " not satisfied that these attempts constitute diligence because there are numerous other attorneys and law firms that specialize in social security appeals and take cases on a contingency-fee basis and because there are other resources for finding pro bono counsel such as those run by the State Bar of New Mexico, which can be contacted . . . .". (*Id.*). Since the denial of his first motion, it appears that Mr. Hernandez contacted several law firms and state bar referral hotlines in August of 2010. (*See* Doc. 27 at 4-5). Several of the contacted attorneys appear to have declined to take the case because they do not offer social security representation. (*Id.*). However, Mr. Hernandez was also provided with a 'Referral List' of attorneys in the Las Vegas, N.M. area. The list has contact information for over twenty attorneys and legal programs and clinics. Mr. Hernandez attempted to contact these attorneys and programs on December 9, 2010, only one day before he filed the instant motion and almost six months after his second motion for appointed counsel was denied. (*Id.* at 3). Mr. Hernandez' current Motion

indicates that he left messages for many of these attorneys and that at least seven of the attorneys or programs have not had an opportunity to answer his messages. (*Id.*). The Court does not believe that Mr. Hernandez' last minute calls constitute diligent efforts to secure representation.

Third, the filings thus far do not indicate whether the claim will be ultimately meritorious.

Finally, Mr. Hernandez has not demonstrated that he will be unable to proceed without counsel. In his first motion, Mr. Hernandez stated that "handl[ing] all this legal jarg[o]n[] is just upsetting to me leaving me very agitated[,] frustrated, mad, worthless and in[]humane. To be able to represent myself against the federal government and organizations[] thereof[] is [sic] just impossible for me to ever[ ]receive the justice[] I deserve!" (Doc. 5 at 2–3.). The Court acknowledged that, while prosecuting a claim may be emotionally challenging, Mr. Hernandez appeared capable of moving his case forward. (Doc. 9 at 2-3). Mr. Hernandez currently states that he suffers from bi-polar post-traumatic stress syndrome and a cognitive disorder and that "I can't help myself because I don't know how too [sic] . . . I'm lost in my mind [and] I have several mental disorders that won't let me do anything that would possibly save my case." (Doc. 27 at 2). Notwithstanding Mr. Hernandez' distress, the Court notes that Mr. Hernandez has been able to file both the initial complaint in this case, as well as an amended complaint. (*See* Doc. 1; Doc. 7). Mr. Hernandez' amended complaint states with greater specificity both the impairments from which he suffers and his objections to the Social Security Administrative Judge's decision. (*Id.*). Therefore, it appears that Mr. Hernandez is capable of prosecuting his case.

Because none of the *Castner* factors indicates that appointment of counsel is appropriate at this time, the Court will DENY the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Appointment of Counsel* ('Motion') (Doc. 27) be **DENIED**.

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**